IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>MARZAN WILLIAMS ) | Case No. 19 CR 66 |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Marzan Williams was charged in a six-count superseding indictment. He pled guilty to Count 2, a charge of heroin distribution, and stipulated to the facts underlying Counts 1, 3, and 4, which were charges of, respectively, heroin distribution, possession of cocaine with intent to distribute, and possession of heroin with intent to distribute. Mr. Williams also stipulated to the factual basis establishing his guilt on Count 5, a charge of illegal possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), while contesting the constitutionality of the underlying statute. The case proceeded to a bench trial on Count 5 and Count 6, a charge under 18 U.S.C. § 924(c)(1)(A). The Court found Mr. Williams guilty on both Counts 5 and 6.

Both Mr. Williams and his appointed counsel have filed post-trial motions, both of which the Court has considered. First of all, the Court repeats its earlier denial of Mr. Williams's challenge to the constitutionality of the felon-in-possession statute, 18 U.S.C. § 922(g)(1). There is no need to re-recite the Court's reasoning here.

The main subject of the post-trial motions is the section 924(c) charge. Count 6 reads as follows:

On or about January 22, 2019, at Lansing, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARZAN WILLIAMS,

defendant herein, did knowingly possess a firearm, namely, a loaded Hi-Point, model JPC, .45 caliber pistol, bearing serial number 4290346, in furtherance of a drug trafficking crime for which defendant may be prosecuted in a court of the United States, namely, possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, section 841(a)(1), as charged in Count Four of this Indictment;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

Superseding Indictment, Count 6.

In the post-trial motions, both Mr. Williams and counsel contest only the "in furtherance" element of this charge. Mr. Williams argues, in essence, that the government proved only that there was a firearm in proximity to narcotics, not that he possessed it in furtherance of the offense in Count 4. Counsel argues that the Court essentially applied a presumption that a firearm found near narcotics furthers an offense related to those narcotics.

In considering a motion for judgment of acquittal, a court views the evidence in the light most favorable to the government and draws reasonable inferences in its favor and assesses whether there is sufficient evidence from which any rational trier of fact could have found the essential elements of the offenses beyond a reasonable doubt. *See, e.g., United States v. Fitzpatrick*, 32 F.4th 644, 649 (7th Cir. 2022). Additionally, a court may order a new trial in a criminal case if the verdict was against the manifest weight of the evidence, even if the evidence was sufficient to convict the defendant. In addressing such a motion, "a court may properly consider the credibility of the witnesses, and may grant a new trial if the verdict is so contrary to the weight of the

2

evidence that a new trial is required in the interest of justice." *United States v. Washington,* 184 F.3d 653, 657 (7th Cir.1999).

The evidence at trial showed the following. On December 4, 2018, a cooperating source acting at the direction of Drug Enforcement Administration agents and task force officers made a controlled purchase of about 50 grams of heroin from Mr. Williams in a parking lot in Homewood, Illinois. This was the distribution transaction charged in Count 1. There was no evidence that Mr. Williams possessed a gun at the time.

After additional communications, a second transaction was set up, involving a controlled purchase from Mr. Williams of a little under 200 grams of heroin. This purchase took place on January 22, 2019 in a different parking lot in Homewood. This was the distribution transaction charged in Count 2. Mr. Williams was arrested and searched. A little over 120 grams of a substance containing cocaine was found on his person. This formed the basis for the possession with intent to distribute charged in Count 3. No firearms were found on Mr. Williams's person or in his vehicle.

After his arrest, Mr. Williams gave the DEA agents consent to search his apartment in Lansing and told them they would find narcotics and a gun in his bedroom. The agents searched the apartment that same day. They found about 48 grams of heroin, a little over 500 grams of cocaine, and a little over 127 grams of cocaine base (crack) inside a pillow sham and comforter on Mr. Williams's bed. An agent testified that Mr. Williams said that he owed his supplier about $16,000 for the narcotics and that he intended to sell the narcotics in the bedroom to repay the supplier. This was the basis for the possession with intent to distribute offense charged in Count 4.

Also during the search, the agents found a handgun—the firearm described in

Count 6—sitting on top of a nightstand next to Mr. Williams's bed where the drugs were  This was the stipulated at trial that he was the sole occupant of the apartment. He also stipulated that he had been convicted of a felony in 2012 and that in 2017, just before his release from prison, he had signed a notice that as a convicted felon he was prohibited from possessing a firearm. Mr. Williams also stipulated that the firearm had traveled in interstate commerce before January 22, 2019.

      Finally, Andrew Karceski, an experienced agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, testified as an opinion witness under Federal Rule of Evidence 702. He described how drug traffickers package heroin, cocaine, and crack for storage and sale, identified common code words for each, and described the pricing for those narcotics in 2018-19. He stated that the narcotics found in Mr. Williams's apartment were of distribution quantity and had a sale value totaling about $35,000. Regarding the firearm, Mr. Karceski testified that drug trafficking is a dangerous business, often involving robberies and shootings, due to its illegal nature and the large amounts of currency involved. He testified that the main way drug traffickers attempt to protect themselves is by having firearms, preferably handguns, due to their portability and concealability. Mr. Karceski also described the process of "fronting," when a distributor supplies narcotics to another for resale without upfront payment, with the expectation that the supplier will be repaid from the sale proceeds. He stated that this is a "definitely dangerous" arrangement for the dealer who has been fronted the drugs, due to the need to repay the supplier and the possibility that the supplier may resort to threats or violence to get repaid or get the narcotics back.

      The evidence introduced at trial clearly established beyond a reasonable doubt

the elements of the possession with intent to distribute offense in Count 4, which was the predicate offense for the section 924(c) charge in Count 6. With regard to Count 6, as indicated earlier, the only element that Mr. Williams contests is the "in furtherance" element. This required the government to prove beyond a reasonable doubt that the firearm furthered, advanced, promoted, or facilitated Mr. Williams's possession of heroin with intent to distribute. The mere presence of the firearm in proximity of narcotics is insufficient; the government had to prove a connection or nexus between the firearm and the crime. *See, e.g., United States v. Johnson*, 916 F.3d 579, 589 (7th Cir. 2022).

The Court turns to the arguments made by counsel and by Mr. Williams. First of all, the Court did not apply or consider any sort of "presumption" that a firearm found near narcotics is possessed in furtherance of the narcotics. Rather, the Court assessed the evidence relating to the in furtherance element. In doing so, the Court was, and is, fully cognizant that the law does not permit an in furtherance finding to be premised on simple proximity of a firearm to narcotics. *See, e.g., United States v. Duran*, 407 F.3d 828, 840 (7th Cir. 2005).

In assessing the sufficiency of the evidence, the Court relied on the circumstantial evidence and the testimony of agent Karceski, which the Court found credible and persuasive. The evidence showed that Mr. Williams was involved in a dangerous and illegal business, and he owed a significant amount of money to his narcotics supplier. He intended to use the narcotics found on and around his bed to generate the cash needed to repay the supplier. Thus it was important to him to be able to protect the valuable property that he was hiding on and around his bed. Mr. Williams possessed a handgun and chose to keep it in the same room, and near, his stash of

narcotics. The handgun was readily accessible, loaded, and ready to be used—with the safety off. As the Seventh Circuit described in *Duran*, the weapon was available to protect Mr. Williams's possession and intended distribution of the narcotics, to be used against anyone who might attempt to take the narcotics and, generally, to protect the narcotics from others. *See id.* at 814-15; *see also, e.g., United States v. Huddleston*, 593 F.3d 596, 602 (7th Cir. 2010). (The Court notes that this "protection" aspect regarding the handgun would apply even if, as Mr. Williams appears to contend in his *pro se* reply brief, the drugs were actually his and not fronted by another supplier.) The government sufficiently established a nexus between Mr. Williams's possession of the firearm and the possession with intent to distribute offense charged in Count 4, given the factors just noted and including the firearm's accessibility, the fact that it was a handgun and thus easily wielded if need be, the fact that it was loaded, *and* its proximity to the illegally possessed narcotics. The evidence supporting a nexus, and the "in furtherance" element generally, was not close.

For these reasons, Mr. Williams is not entitled to either a judgment of acquittal or a new trial based on the claimed insufficiency of the evidence.

In his *pro se* post-trial motion, Mr. Williams makes two brief references to a contention that his trial counsel rendered ineffective assistance. *See* Def.'s *Pro Se* Mem. (dkt. 229) at 1, 5. But the motion and supporting memorandum provided no details or other information supporting the contention. Mr. Williams attempted to provide further information in his reply memorandum, but this was too late; the grounds for his motion needed to be included in the motion itself. An issue addressed for the first time in a reply brief is forfeited. *See, e.g., United States v. Carter*, 695 F.3d 690, 701 n.6 (7th

Cir. 2012).

But even if Mr. Williams had not forfeited the point, his argument, even including the discussion in his reply memorandum, lacks merit. Mr. Williams contends generally (among other things) that his counsel was unprepared, did not communicate with him adequately, did not call witnesses he wanted, did not ask the government witnesses questions he wanted her to ask, failed to object to some testimony, and declined to file motions to suppress evidence. The problem, even with the reply, is that most of Mr. Williams's allegations are general and not specific, and none of them are supported with any evidence. The Court concludes that Mr. Williams has failed to establish ineffective assistance of counsel for purposes of his post-trial motion. This, of course, does not preclude Mr. Williams from filing at an appropriate time a properly supported motion to vacate his conviction and sentence under 28 U.S.C. § 2255.

## Conclusion

For the reasons stated above, the Court denies defendant's motion for reconsideration of its denial of his motion to dismiss Count 5 [223], his *pro se* motion for a new trial or for a judgment of acquittal [228], and the motion for new trial filed by defense counsel [230]. The sentencing hearing will proceed as scheduled on December 19, 2023.

Date: December 13, 2023

_____
MATTHEW F. KENNELLY
United States District Judge