IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 19 CR 66 |
| | ) | |
| MARZAN WILLIAMS | ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Marzan Williams pled guilty or was found guilty on narcotics and firearms charges. The Court imposed two consecutive sixty-month prison terms, for a total of 120 months. This was the lowest sentence the Court could legally impose. The narcotics charge carried a five-year mandatory minimum prison sentence, and one of the firearms charges, under 18 U.S.C. § 924(c)(1)(A), also carried a five-year mandatory minimum and had to be consecutive to any other sentence. The sentence the Court imposed was considerably less severe than the government's request for a sentence of 190 months and the probation officer's recommendation for a sentence of 180 months. Mr. Williams's scheduled release date, per the BOP website, is in October 2007. He is currently incarcerated at FCI Lewisburg, located in Pennsylvania.

Mr. Williams has filed two *pro se* motions that are before the Court: a motion under Federal Rule of Criminal Procedure 35(a) to correct what Mr. Williams contends was an illegal sentence, and a motion for compassionate release under 18 U.S.C. § 3582(c)(1). The Court addresses both motions in this decision.

1. **Rule 35(a) motion**

The Court denies Mr. Williams' motion to correct the sentence. First of all, the motion is untimely: a motion under Rule 35(a) must be filed within 14 days after sentencing. *See* Fed. R. Crim. P. 35(a). In Mr. Williams's case, the sentence was imposed on December 19, 2023, and the judgment was entered the next day, December 20, 2023. Mr. Williams's motion to correct was sent by him on April 14, 2024 and received by the Clerk on April 30, 2024. This means the motion was more than three months too late.

Second, even if Mr. Williams's motion had been filed in a timely fashion, it lacks merit. His argument is that the evidence admitted at trial on the section 924(c)(1)(A) charge was insufficient to prove his guilt. The Court already considered and rejected that argument when it found Mr. Williams guilty and again when it denied his post-trial motions (one filed by him, one by his appointed counsel), in which he raised this same issue. The Court stands by its earlier rulings, and in any event a motion under Rule 35 is not a proper means to raise these issues. *See, e.g., United States v. Boyd*, 591 F.3d 953, 955-56 (7th Cir. 2010).

2. **Compassionate release motion**

As indicated, Mr. Williams has separately moved for a reduction of his sentence based on the "compassionate release" statute, 18 U.S.C. § 3582(c)(1). The statute provides that a court may reduce a sentence, after considering the factors in 18 U.S.C. § 3553(a), if it finds (among other things) that "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements issued by the [U.S.] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)

& (ii). In seeking a sentence reduction, Mr. Williams primarily cites his health condition, conditions in the prisons where he has been incarcerated, and the need for care for his elderly mother.

The Court assumes for purposes of discussion that Mr. Williams has sufficiently exhausted internal BOP procedures for seeking compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

Policy statements established by the Sentencing Commission, which took effect on November 1, 2023, provide—as applicable here—that the defendant's medical circumstances constitute an extraordinary and compelling reason if the defendant suffers from (among other things) "a serious physical or medical condition" or a medical condition "that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B). Another policy statement states that the defendant's family circumstances constitute an extraordinary or compelling reason in, among other situations, a case involving the incapacitation of the defendant's parent or another immediate family member, if the defendant would be the only available caregiver for the parent or family member. *Id.* § 1B1.13(b)(3). Finally, another policy statement says that extraordinary or compelling reasons exist if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5). The policy statements do not require the grounds cited by the defendant to have been "unforeseen at the time of sentencing." *Id.* § 1B1.13(e).

3

Mr. Williams says that his medical conditions involve, or have involved, the following. First, as documented in the presentence report, he was the victim of a shooting in 2005, and a bullet remains lodged in his liver. Second, he has had one or more hydroceles, and he says they have not always been cleared up by hydrocelectomies (attempts to remove them) or have recurred. Third, he has sleep apnea, which he characterizes as severe, and he uses a CPAP machine. Fourth, he has been diagnosed with cystitis (without hematuria) and benign prostatic hyperplasia (BPH), i.e., an enlarged prostate, evidently causing some obstruction of his outgoing urine flow. In addition, Mr. Williams was in a prison bus that was in a collision with another vehicle—possibly a semitruck—and he claims to have suffered injuries and pain in his neck, back, and risks as a result. He also describes unsanitary and other adverse conditions, including an abusive cellmate, while he was detained at the Chicago MCC

Mr. Williams contends that treatment for some or all of these conditions has been delayed. He also states in his motion that the water from the sink in his cell (or housing unit) that he is required to use for his CPAP machine "smells and tastes of sewage." Def.'s Mot. at 2.

The Court is unpersuaded that these circumstances, even taken together, qualify under the Sentencing Commission policy statements. In this regard, the Court has reviewed and considered Mr. Williams's BOP medical records, obtained by the government and filed under seal, which cover the period from June 2022 through June 2024.

Regarding the bullet lodged in Mr. Williams's liver, there is no documentation of any actual adverse health consequences from this. Second, Mr. Williams has received

4

treatment for the hydroceles, and it appears from the records that his contentions that they have returned have not been ignored. Regarding his sleep apnea, he has the use of a CPAP machine, which is the standard caregiving approach for persons with this condition. The poor water conditions that Mr. Williams cites in his motion were either when he was at the Chicago MCC or FCI Schuylkill. But he is no longer at either of these institutions; he is currently at FCI Lewisburg. For the BPH, it appears that Mr. Williams is (or was) being prescribed Tamsulosin HCl and Finasteride. And records reflect that he has been on antibiotics periodically for the cystitis. In one of his submissions, Mr. Williams seems to say that he is on a medication that he says is a "cancer causing medication." Def.'s Mot. at 2. But he doesn't say which medication he's referencing, and in any event the statement is unsupported with any evidence. Finally, with regard to his claimed injuries from the bus collision, based on medical providers' observation of Mr. Williams and objective medical testing, the injuries do not appear to actually be as serious as Mr. Williams characterizes them.

In sum, the Court is not persuaded that Mr. Williams suffers from any serious conditions for which he is getting inadequate medical care. Nor does the fact that Mr. Williams appears to have had an abusive cellmate at the Chicago MCC tilt the scales in favor of release now, seeing as how he is no longer at that institution.

Mr. Williams also cites the fact that his mother is elderly and suffers from dementia; he says that "there is no one to provide the proper care and have the patience for [her] ailments." Def.'s Mot. at 1. In the presentence report, however, Mr. Williams reported that his half-sister is his mother's caretaker. That still seems to be the case. Mr. Williams says in his reply that his sister left his mother at home, *see* Def.'s

5

Reply at 2, but there's no indication that this is a regular occurrence, and Mr. Williams has not shown that any sporadic problems with the existing care arrangement effectively make Mr. Williams the only available caregiver for his mother.

For these reasons, the Court concludes that Mr. Williams has not shown any circumstance, or combination of circumstances, that would qualify as extraordinary or compelling within the meaning of section 3582(c)(1) and therefore denies his motion.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to correct illegal sentence [dkt. 262] and his motion pursuant to 18 U.S.C. § 3582(c)(1)(A) [dkt. 263]. The Clerk is directed to send a copy of this order to: Marzan Williams, No. 52250-424, FCI Lewisburg, P.O. Box 1000, Lewisburg, PA 17837.

Date: December 30, 2024

_____
MATTHEW F. KENNELLY
United States District Judge